

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. Mackechney, Superintendent
Wichita Falls State Hospital
Box 300
Wichita Falls, Texas

Dear Dr. Mackechney:          Opinion No. O-5817

                              Re:  Proper county of juris-
                              diction for re-admission of
                              a voluntary patient in the
                              State Hospital for the in-
                              sane upon the discharge of
                              such voluntary patient.

        You request an opinion upon the above subject
matter in the following letter:

          "We have been instructed by the Board
     of Control to discharge all our voluntary
     patients that have been here longer than
     ninety days, or have them readmitted by
     jury trial.

          "Miss Nellie Grace Cloyd was admitted
     to this institution June 20, 1936, as a vol-
     untary patient, and she gave as her county
     Tarrant.  We wrote Judge C. O. Kraft of this
     matter, to which he replied, 'In as much as
     this patient's relatives do not now live in
     Tarrant County, and the patient is not here,
     I doubt if I have jurisdiction to try the
     case in this county.'

          "Our next letter was written to Mr. H.S.
     Cloyd of Hereford, Texas, who is the father
     of our patient, and ask him to have his daugh-
     ter re-committed by jury trial.  Judge Fred

77

W. Baird of Deaf Smith County informs
us that since Miss Cloyd did not accom-
pany her father to Deaf Smith County
when he established residence there,
that he would have no jurisdiction in
this case.

"We are at a loss as to what county
should try this patient. Not only have
we had this trouble with Miss Cloyd's
case, but with several of our other vol-
untary patients."

Your inquiry is answered by the provisions
of Article 5561a, Revised Civil Statutes, Vernon's
Codification, as follows:

"If information in writing under
oath be given to any county judge that
any person in his county, not charged
with a criminal offense, is a person of
unsound mind, and that the welfare of
either such person or any other person
or persons requires that he be placed
under restraint, and such county judge
shall believe such information to be
true, he shall forthwith issue a war-
rant for the apprehension of such per-
son, or, if such like information be
given to any justice of the peace in
such county, said justice may issue a
warrant for the apprehension of said
person, making said complaint and war-
rant returnable to the county court of
said county, and said county judge in
either event shall fix a time and place
for the hearing and determination of
the matter, either in term time or in
vacation, which place shall be either
at the court house of the county, or at
the residence of the person named, or
at any other place in the county, as
the county judge may deem best for such
hearing. Notice of the time, place and

Honorable L. Mackechney - page 3

> purpose of such hearing shall be served
> upon the person charged, such notice to
> be under the hand and seal of the county
> clerk of said county, and served and re-
> turned by the sheriff or a constable of
> such county, and the return to state the
> time and place of service. Such notice
> shall be served not less than three days
> prior to the day of hearing."

This Section, when considered as it should be in the light of the remaining portion of the Article, indicates that the proceeding should be instituted and maintained in the county wherein the person sought to be adjudged is then to be found.

The jurisdiction is thus given to the county wherein such person may be found, in the interest of expediting the matter not only for the sake of the individual primarily concerned, but likewise of others as well.

In Opinion No. 0-4758 this Department held that "the person sought to be charged with lunacy must be physically present within the county (of the proceeding) at the time of the making of the information."

It is not, therefore, a question of the domicile, legal or actual residence whatsoever of the person thus charged; on the contrary, it is a question of the presence of such person within the jurisdiction -- county -- of the court whose duty it is to determine such question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

OS-MR